IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN DAIRY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. CIV-08-400-M |
| ) | |
| (1) MURRELL, HALL, McINTOSH & CO., ) | |
| LLP, ) | |
| ) | |
| (2) HENNY WEE & CO. ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF MURRELL, HALL, McINTOSH & CO., LLP

For answer to the Complaint, Defendant, Murrell, Hall, McIntosh & Co., LLP ("Murrell"), states:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted that venue lies in this district pursuant to 28 U.S.C. §1391(a) only.

6. Murrell is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 6, except that it is admitted that American is a publicly held company whose stock is traded on the NYSE Archipelago Exchange.

7. Admitted.

8. Murrell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Admitted.

10. Murrell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. The first sentence states a legal conclusion which requires no response. To the extent a response is deemed to be required, the sentence is denied as incomplete and misleading. The second sentence of Paragraph 11 is admitted.

12. Murrell denies the allegations of Paragraph 12 as stating legal conclusions and extracts from documents in a way that are potentially misleading, but admits generally its obligation to be independent in conducting audits.

13. The allegations of Paragraph 13 are denied, except that it is admitted that the quoted excerpt is from AU Section 543.

14. The allegations of Paragraph 14 are admitted to the extent it is alleged the SEC issued comments and requested additional information, but denied insofar as Paragraph 14 attempts to summarize the terms of a document which speak for themselves.

15. The allegations of Paragraph 15 are denied to the extent that they attempt to characterize statements in Murrell's response, but it is admitted that Murrell responded to the SEC in writing.

16. The allegations of Paragraph 16 are denied to the extent that they attempt to characterize statements in Murrell's response, but it is admitted that Murrell responded to the SEC in writing.

17. Murrell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Murrell is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. Denied.

## COUNT I
## (AGAINST MURRELL)

25. Murrell adopts and realleges its responses to paragraphs 1-24 of the Complaint

26. Paragraph 26 states a legal conclusion to which no response is required.  To the extent a response is deemed required, Murrell states that it owed a duty to American to perform each of its audits with due care and in accordance with applicable professional standards.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## COUNT II
## (AGAINST WEE)

32. Murrell adopts and realleges its responses to paragraphs 1 through 31 above.

33. The allegations of paragraph 33 are not directed to Murrell and state a legal conclusion, so no response is required.

34. The allegations of paragraph 34 are not directed to Murrell, so no response is required.  If a response is deemed to be required, Murrell is without knowledge or information sufficient to form a belief as to the truth of the allegations.

3

35. The allegations of paragraph 35 are not directed to Murrell, so no response is required. If a response is deemed to be required, Murrell is without knowledge or information sufficient to form a belief as to the truth of the allegations.

36. The allegations of paragraph 36 are not directed to Murrell, so no response is required. If a response is deemed to be required, Murrell is without knowledge or information sufficient to form a belief as to the truth of the allegations.

COUNT III
(AGAINST MURRELL)

37. Murrell adopts and realleges its responses to paragraphs 1 through 36, above.

38. Admitted.

39. Paragraph 39 states a legal conclusion to which no response is required. To the extent a response is deemed required, Murrell states that it owed a duty to American to perform each of its audits with due care and in accordance with applicable professional standards.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

AFFIRMATIVE DEFENSES

As additional answer and for affirmation defense, Murrell alleges:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The claims asserted are barred in whole or part by the applicable statute of limitations.

3. If Plaintiff suffered damage, such damage was caused in whole or in part by the

negligence of Plaintiff.

>Respectfully submitted,
>
>___s / George W. Dahnke_____
> Sarah J. Timberlake, OBA #07532
>George W. Dahnke, OBA #2131
>ABOWITZ, TIMBERLAKE & DAHNKE, P.C.
>Post Office Box 1937
>Oklahoma City, Oklahoma 73101-1937
>Telephone:  (405) 236-4645
>Facsimile:  (405) 239-2843
>E-Mail:  mainmail@abowitzlaw.com
>
>Attorneys for Defendant,
>Murrell, Hall, McIntosh & Co., LLP,

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of June, 2008, a true and correct copy of the above and foregoing was delivered via ECF to the Court Clerk who will deliver to the following recipients:

William B. Federman, OBA #2853

Linda H. McGuire, OBA #14116

*Attorneys for Plaintiff*

>___s /George W. Dahnke_____