## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

American Dairy, Inc.,             )
                                )
          Plaintiff,        )
                                )
   v.                         )
                                )   Case No.  CV-08-400-M
Murrell, Hall, McIntosh & Co., LLP and  )
Henny Wee & Co.,           )
                                )
         Defendants.     )

---

## DEFENDANT HENNY WEE'S RESPONSE TO PLAINTIFF'S
## MOTION TO COMPEL PRODUCTION AND SUPPORTING BRIEF

---

Respectfully submitted,


Bruce W. Day, OBA #2132
Kelley C. Callahan, OBA#1429
Day, Edwards, Propester & Christensen, P.C.
2900 Oklahoma Tower
210 Park Avenue
Oklahoma City, OK  73102
(405) 239-2121
(405) 236-1012 (facsimile)
**ATTORNEYS FOR DEFENDANT,
HENNY WEE & CO.**

## TABLE OF CONTENTS

Introduction................................................................................................   3

Fact Statement..........................................................................................   4

    A. Defendant Henny Wee & Company Does Work for Chinese Companies in
       China and Hong Kong Only..........................................................   4

    B. The Feihe Dairy Group Owners Undertake a Reverse Merger and Employ
       Oklahoma Accountants Murrell Hall and Oklahoma Attorney Zrenda to
       Assist in the Process....................................................................   6

    C. In Connection with the Reverse Merger, Henny Wee & Co. Merely
       Continued Doing the Same Work as Before Related to Chinese
       Companies in China......................................................................   7

    D. Plaintiff's Unwarranted Request for Documents about Mr. Wee's Other
       Clients..........................................................................................   8

    E. Other Matters Plaintiff Raises in its Motion to Compel............................   8

Argument & Authorities.............................................................................   10

Conclusion.................................................................................................   12

## DEFENDANT HENNY WEE'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND SUPPORTING BRIEF

Defendant, Henny Wee, doing business as Henny Wee & Co., submits this Response to Plaintiff's Motion to Compel Production:

### INTRODUCTION

Due to its incidental and fortuitous contact with certain Oklahoma professionals in the course of providing services to its Chinese clients in China and Hong Kong, Henny Wee & Co., a Hong Kong accountant, filed a motion to dismiss for lack of personal jurisdiction and accompanying motion to quash service.  In connection with Plaintiff's discovery requests on the jurisdictional issue, Henny Wee & Co. has provided over 6,000 pages of documents to Plaintiff relating to the substantive and jurisdictional matters at issue, and even offered to make Mr. Wee available for deposition on the jurisdictional issues.

Plaintiff offers two arguments in its motion to compel.  First, it claims that Henny Wee & Co. has not produced time records, billings, payments and budgets relating to services allegedly performed by Mr. Wee for Plaintiff, American Dairy, Inc. ("American Dairy").  However, Henny Wee & Co. has produced all such documents in its possession relating to American Dairy and its Chinese subsidiaries, the Feihe Dairy Group. (*See Wee Production HW 71 – 81; HW 004431 - 4433, HW 003717, HW 004256- 4259, HW006223-006241*).

Second, Plaintiff seeks to compel production of documents relating to Chinese clients of Mr. Wee's wholly unrelated to this matter who may happen to retain Oklahoma professionals to do certain tasks.  As explained below, such an intrusion into Mr. Wee's other client relations is merited neither by the discovery rules nor the jurisdictional

questions posed by Mr. Wee's pending motion.  Moreover, the disclosure Plaintiff seeks violates Section 140 of the Code of Ethics for Professional Accountants, issued by the Hong Kong Institute of Certified Public Accountants, which restricts the disclosure outside the firm or employing organization of confidential information acquired as a result of professional and business relationships without proper and specific authority. (*See* Exhibit "A" attached).   Consequently, Plaintiff's motion to compel production of tens of thousands of documents concerning unrelated other Chinese clients of Mr. Wee should be denied.

## FACT STATEMENT

### A.   Defendant Henny Wee & Company Does Work for Chinese Companies in China and Hong Kong Only

All of the material facts in this statement are verified *infra* by Mr. Wee. Plaintiff, American Dairy is a Utah corporation, operating through a wholly owned foreign subsidiary, Heilongjiang Feihe Dairy Co., Limited ("Feihe Dairy Group").   Plaintiff, a producer and distributor of milk powder and soybean products in the People's Republic of China ("China"), has its principal place of business in China.  Henny Wee & Co. is a solely owned accounting firm located in Hong Kong.   This case relates to alleged problems arising from Plaintiff's audited financial statements, prepared by Defendant Murrell, Hall, McIntosh & Co., LLP ("Murrell Hall"), which arose after the SEC requested additional information in connection with a review of a registration statement submitted to the SEC by Plaintiff.

In total, Henny Wee has made three trips to Oklahoma, none of which were related to American Dairy or the allegations in the Complaint.  Henny Wee & Co. has no formal relationship with Defendant Murrell Hall, including any engagement agreement or

subcontracting agreement with Murrell Hall.   Henny Wee & Co. has never done business in Oklahoma, has never done business for any individual or entity located in the state and has no employees in the state.   Henny Wee & Co. is an accredited accounting firm in the Hong Kong Special Administrative Region with the Hong Kong Institute of Certified Public Accountants and organized under the Professional Accountants Ordinance CAP.50 and Professional Accountants By-Laws CAP.50A of the Hong Kong Special Administrative Region.   Henny Wee & Co. has no offices outside of the Hong Kong Special Administrative Region.   Any work Henny Wee & Co. has done related to the Feihe Dairy Group, the Chinese companies owned by American Dairy, was performed solely and exclusively in China and Hong Kong, not in Oklahoma.

As background, it is helpful to be aware of the unique circumstances created by the "One Country Two System" arrangement as to China and Hong Kong that influences all facets of economic life in the region. Mr. Wee is a licensed accountant in Hong Kong, but not in China, which has an entirely separate licensing system for such professionals.   Chinese accounting systems, of course, are different than the accounting systems and standards used in the United States and other western countries.  Consequently, and as a matter of practical necessity, Chinese companies often need the help of a bridge or liaison through Hong Kong to translate and organize their financial records so this information can be meaningfully used by western accountants and auditors. Mr. Wee provides such consultation and liaison services, as he did in the instant case.

Henny Wee & Co. was already engaged to provide certain consultative accounting services to Feihe Dairy Group in China even before the reverse merger that

created American Dairy occurred.  These services were akin to the tasks performed by the Feihe Dairy Group's internal accountants and included:

- Converting the Chinese accounts into English versions;

- Preparing an English version of the consolidated worksheets (trial balances) in a format capable of being readily consolidated in the United States by accountants using GAAP standards;

- Preparing detailed schedules and other working papers including verifying calculations and/or certain material financials to source documents;

- Drafting and preparing management discussion and analysis;

- Translating certain significant documents into English;

- Identifying potential accounting and tax issues; and

- Developing and drafting principal accounting policies to be adopted by Feihe Dairy Group companies.

**B.     The Feihe Dairy Group Owners Undertake a Reverse Merger and Employ Oklahoma Accountants Murrell Hall and Oklahoma Attorney Zrenda to Assist in the Process**

The principals of Feihe Dairy Group wanted to have a company listed or created in the United States that would be the parent of Feihe Dairy Group and some other Chinese subsidiaries. They chose to accomplish this through a reverse merger. In a reverse merger, shareholders of the private company acquire control of an existing public shell company in the United States by means of a merger or share exchange with the private Chinese entities. Here, the principals of the Feihe Dairy Group acquired control of an existing United States company, renamed it American Dairy, and the Chinese Feihe Dairy companies became subsidiaries of American Dairy.  The Chinese principals behind the establishment of American Dairy directly hired Oklahoma City accountants Murrell Hall and Oklahoma City attorney Steve Zrenda to perform

accounting and legal services to meet regulatory and other tasks necessitated by the reverse merger that created American Dairy in 2003-2004, and continued to deal with Murrell Hall and Mr. Zrenda thereafter.

> **C.    In Connection with the Reverse Merger, Henny Wee & Co. Merely Continued Doing the Same Work as Before Related to Chinese Companies in China**

Henny Wee & Co. had no involvement with and no authority to engage Murrell Hall and Mr. Zrenda to do accounting and legal work for American Dairy.   In fact, Henny Wee & Co. was also directly appointed by the Chinese principals to continue the work it had already been doing for Feihe Dairy Group in China, as described above. Essentially, this involved acting not as an auditor, but as an information gatherer, consultant, contact and liaison to put Chinese financial information into English and into a form and format that could be used by United States accountants for the conduct of their audits.   Henny Wee & Co. would merely email or fax such information to Murrell Hall for Murrell Hall's preparation of American Dairy's consolidated financial statements.   Henny Wee & Co. derived fees for accounting services directly from the Chinese principals and not from Murrell Hall, Mr. Zrenda or other Oklahoma professionals.   Henny Wee & Co. did not (1) receive work referrals from either Murrell Hall or Mr.Zrenda, (2) receive any compensation from Murrell Hall or Steve Zrenda, or (3) pay Murrell Hall or Steve Zrenda any compensation.   Accordingly, Henny Wee & Co. did not derive any economic benefits from Oklahoma, directly or indirectly, arising from services provided by Murrell Hall and/or Mr. Zrenda to the Chinese principals or American Dairy.

### D.   Plaintiff's Unwarranted Request for Documents about Mr. Wee's Other Clients

Not content with Mr. Wee's production of over 6,000 documents relating to the matters at issue, Plaintiff wants to extend discovery to Mr. Wee's other clients.  A significant portion of Mr. Wee's business is to provide consultant services to Chinese companies in China and Hong Kong and act as a bridge for these companies to the western financial and accounting world, including in reverse merger situations.  In such situations, Mr. Wee's Chinese clients often hire a myriad of professionals in the United States and other countries. That Mr. Wee, at the direction of his Chinese clients, may transmit information to certain of these separately hired professionals does not place him in the type of relationship with the other professionals or establish the type of continuous and systematic presence in a particular state necessary to create jurisdiction.  If this were the case in the global economy, every state in the Union would have jurisdiction over untold foreign professionals operating in every corner of the world. That Mr. Wee may be a co-servant of a Company that hires other professionals that happen to be located in Oklahoma does not confer Oklahoma jurisdiction over Mr. Wee.

### E.   Other Matters Plaintiff Raises in its Motion to Compel

In its motion to compel, Plaintiff alludes to several random matters as grounds for  wholesale production of documents from unrelated Chinese clients of Mr. Wee's who may have separately hired or dealt with Oklahoma professionals.  None of these references support Plaintiff's motion.

As to a company known as Hogan & Slovacek, Mr. Wee only met a partner of that firm at a lunch organized by Charles Gray of Murrell Hall during one of his trips to

Oklahoma City.  The lunch was not requested or initiated by Mr. Wee.  Mr. Wee has not referred any business to Hogan & Slovacek, nor has Hogan & Slovacek referred any business to Henny Wee & Co.  Mr. Wee understands that Murrell Hall refers accounting work to Hogan & Slovacek, but Henny Wee & Co. never had any input on such appointments or referrals.  Mr. Wee did not meet any of the partners of Hogan & Slovacek before or after the described lunch.

Mr. Wee had not met any partners of Evans Gaither & Associates (Messrs. Joe Evans or Pat Hollingsworth) during any of the three trips he made to Oklahoma City. Following the introduction of the Sarbanes Oxley Act in 2002, Charles Gray believed there might be additional Sarbanes Oxley work to be had in China by arranging seminars in China/Hong Kong on this topic. Mr. Wee agreed to help in China/Hong Kong with the process of producing such seminars through his professional contacts in the area, but the seminars never got off the ground.

Mr. Pat Hollingsworth made one trip to China in early 2005 and Mr. Wee met him in Huizhou, Guangdong Province, China and took him to meet certain of the existing Chinese clients of Henny Wee & Co.  Mr. Hollingsworth's trip was not initiated by Henny Wee & Co., as Mr. Wee did not know Mr. Hollingsworth before the trip, nor did Henny Wee & Co. pay for his trip.  Until now, Henny Wee & Co. was unaware that Murrell Hall had paid Evans Gaither & Associates for Mr. Hollingsworth's China visit. Mr. Hollingsworth's trip never progressed beyond his single visit to China and no seminar was ever organized or new business generated.

As explained in the preceding paragraph, Mr. Wee had not met any partners of Evans Gaither & Associates during any of his three trips to Oklahoma and, Henny Wee

& Co. had not promoted its services with Evans Gaither & Associates.  However, sometime in 2006, Mr. Hollingsworth contacted Henny Wee & Co.  about a client of Mr. Hollingsworth's that required physical counts of inventories held by Siji Serva Limited and Shangdong Serva Oil Tools & Services Co., Limited as of December 31, 2006. Henny Wee & Co. completed this "one-off" physical count in China as Mr. Hollingsworth requested.

From memory, Mr. Wee also met Mr. Lyndel Lackey (ex staff member of Murrell Hall and staff of Hogan & Slovacek), Mr. Peter Robinson (introduced by Charles Gray), an independent accountant who provided services to NVC Lighting, and visited a distribution company during one of his  trips to Oklahoma.   Mr. Zrenda introduced the President of Capital West (whose name Mr. Wee cannot recall) to Mr. Wee.    None of these visits or introductions resulted in any work for Henny Wee & Co., and they are all plainly unrelated to the case and jurisdictional matters at issue.

### ARGUMENT AND AUTHORITIES

Due to its incidental and fortuitous contact with Oklahoma, Henny Wee & Co. filed a motion to dismiss for lack of personal jurisdiction and accompanying motion to quash service.   In connection with Plaintiff's discovery requests on the jurisdictional issue, Henny Wee has provided over 6,000 pages of documents to Plaintiff covering all its document requests relating to Feihe Dairy Group and American Dairy matters  and offered to make Mr. Wee available for deposition. This production includes billings and budgets for audits and services performed by Mr. Wee for Plaintiff, American Dairy's Chinese subsidiaries, the Feihe Dairy Group, as well as payments received from these companies. Consequently, Plaintiff has been provided documents sufficient to respond

to the motion to dismiss on the basis of both specific and general jurisdiction grounds. *Omi Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086 (10th Cir. 1998).

Nevertheless, Plaintiff seeks broad discovery of documents regarding unrelated clients of Henny Wee & Co. with whom it does business in China because these clients may also have done business with Oklahoma professionals. Such attenuated relationships cannot serve as a basis for the broad scale intrusion into unrelated business matters of Henny Wee & Co.   The focal point of Henny Wee & Co.'s dealings with American Dairy was related to supplying consultative services to its Chinese subsidiaries working from Hong Kong, and not in Oklahoma. If other Chinese clients of Mr. Wee choose to do business in some way with Oklahoma professionals, no avenue for jurisdictional inquiry is created: it is the Chinese company, not Mr. Wee, who chooses the Oklahoma relationship.   Henny Wee & Co. was cultivating a Chinese business centered on Chinese companies and operated from Hong Kong, not seeking to establish a continuing business relationship with Oklahoma companies.  The location of the professionals unilaterally chosen by Mr. Wee's Chinese clients was by chance, not purposeful, and does not support the broad inquiry into Mr. Wee's other business activities having nothing to do with this lawsuit or Oklahoma.  The unilateral actions of the Chinese companies in hiring professionals in various jurisdictions cannot confer jurisdiction over Mr. Wee. *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1075 (10th Cir. 1995) (*quoting* Burger King Corp., 471 U.S. at 478-79): *AST Sports Science, Inc. V. CLF Distrib. Ltd.,* 514 F.3d 1054, 1057-58 (10th Cir. 2008).  Moreover, production of these documents would violate the privacy and reveal confidential, proprietary information about these other Chinese entities worthy of protection as described by

Fed. R. Civ. Pro. 26 (c) (G).

## CONCLUSION

There is no legitimate basis for Plaintiff's broad based request for irrelevant documents related to Mr. Wee's other clients who may have independently and unilaterally hired Oklahoma professionals.  Mr. Wee did not hire such professionals, and the decision of any Chinese company for which Mr. Wee worked to hire an Oklahoma professional does not suggest Oklahoma jurisdiction over Mr. Wee or support the discovery requested. Plaintiff's motion to compel production should be denied and, under Fed. R. Civ. Pro. 37, Mr. Wee should be awarded his costs and attorney's fees for having to respond to said motion.

Respectfully submitted by:

/s/ Bruce W. Day, Esq.
Bruce W. Day, OBA #2132
Kelley C. Callahan, OBA#1429
Day, Edwards, Propester & Christensen, P.C.
2900 Oklahoma Tower
210 Park Avenue
Oklahoma City, OK  73102
(405) 239-2121
(405) 236-1012 (facsimile)
**ATTORNEYS FOR DEFENDANT,
HENNY WEE & CO.**

## VERIFICATION

| | |
|---|---|
| Hong Kong Special Administrative Region | ) |
| | ) |
| | )    ss. |
| | ) |
| People's Republic of China | ) |

     HENNY WEE, of lawful age, after being first duly sworn upon his oath, states as follows:

     That I have read the Fact Statement the within and foregoing Response to Plaintiff's Motion to Compel Production and Supporting Brief and the matters stated therein are true and correct to the best of my knowledge, information and belief.

     FURTHER AFFIANT SAITH NOT.

_____
HENNY WEE

Subscribed and sworn to before me this __16th__ day of December, 2008.


_____
Notary Public

**EDWIN NEO**
**NOTARY PUBLIC**
**HONG KONG SAR**
My Faculty endures for so long as I shall practise

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of December, 2008, the above and foregoing instrument was sent electronically to all parties registered for ECF notice in this case.

**William B Federman**
Federman & Sherwood
10205 N Pennsylvania Ave
Oklahoma City, OK 73120
405-235-1560
Fax: 405-239-2112
Email: wfederman@aol.com

**George Dahnke**
Abowitz Timberlake & Dahnke PC
P O Box 1937
Oklahoma City, OK 73101
405-236-4645
Fax: 405-239-2843
Email: mainmail@abowitzlaw.com


/s/ Bruce W. Day, Esq.          
Bruce W. Day, Esq.