**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AMERICAN DAIRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-400-M |
| | ) | |
| MURRELL, HALL, McINTOSH & CO., | ) | |
| LLP, and HENNY WEE & CO., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Compel Henny Wee & Co. to Produce Responsive Documents, filed November 20, 2008. On December 18, 2008, defendant Henny Wee & Co. ("Wee") filed its response, and on January 8, 2009, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

On April 15, 2008, plaintiff filed this action to recover losses it allegedly sustained as a result of the acts of defendants. Specifically, plaintiff alleges that defendants failed to perform their audits of plaintiff in accordance with professional standards of care. Wee is an accounting firm organized under the laws of the People's Republic of China and is located in Hong Kong.

On June 2, 2008, Wee filed a Combined Motion to Quash Service and to Dismiss for Lack of Personal Jurisdiction. The parties subsequently agreed to conduct jurisdictional discovery, and on June 30, 2008, plaintiff served discovery requests on Wee's counsel. On July 30, 2008, Wee responded to plaintiff's document requests, refusing to produce certain requested documents. Plaintiff now moves this Court to compel Wee to produce these requested documents.

II.   Discussion

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

A.   Documents relating to Wee's business contacts in Oklahoma related to instant action

Request for Production No. 11 seeks "[a]ll documents relating to time records, billing and budgets for audits and/or other service performed by Henny Wee for American Dairy." Additionally, Request for Production No. 17 seeks "[a]ll documents relating to payments received by Henny Wee from or on behalf of American Dairy, Murrell Hall and/or Zrenda."  Having reviewed the parties' submissions, it is unclear to the Court whether Wee has now produced all of the documents responsive to these requests.  To the extent Wee has not produced all of the documents, the Court finds that said documents are relevant to the issue of whether this Court has specific personal jurisdiction over Wee and that said documents should be produced.  Accordingly, the Court finds that the motion to compel should be granted as to these requests.

B.   Documents relating to Wee's other contacts with Oklahoma

Plaintiff has also requested documents relating to Wee's other contacts with Oklahoma. Specifically, plaintiff requests the following:

Request No. 13: All documents relating to travel to Oklahoma by anyone on behalf of Henny Wee.

Request No. 15: All documents relating to correspondence and communications between Henny Wee and any person, firm, or corporation or other entity in Oklahoma.

Request No. 16: All documents relating to meetings between Henny Wee and any person, firm, or corporation or other entity in Oklahoma.

Request No. 19: All documents relating to payments received by Henny Wee from any other person, firm, corporation or other entity in Oklahoma.

Request No. 20: All documents relating to payments made by Henny Wee to any other person, firm, corporation or other entity in Oklahoma.

Wee contends the requested documents are not relevant to the issue of whether this Court has personal jurisdiction over it and, thus, are not discoverable.  Additionally, Wee contends that the production of these documents would violate Section 140 of the Code of Ethics for Professional Accountants, issued by the Hong King Institute of Certified Public Accountants, by revealing confidential, proprietary information about other Chinese entities for whom Wee does business.

Having carefully reviewed the parties' submissions, the Court finds that the documents sought through these requests are relevant to the issue of whether this Court has general personal jurisdiction over Wee.[1]  Additionally, the Court finds that, as written, the discovery requests do not necessarily seek confidential or proprietary information about other Chinese entities for whom Wee does business.  To the extent that any such information would be included in the requested

---

[1]Whether these documents will ultimately establish the requisite contacts to support general personal jurisdiction over Wee is unclear and is a matter which will be addressed through the remaining briefing on Wee's Combined Motion to Quash Service and to Dismiss for Lack of Personal Jurisdiction and the Court's order ruling on said motion.

documents, the Court is confident that counsel for the parties will be able to agree upon an appropriate protective order regarding these documents.  Accordingly, the Court finds that said documents should be produced and that the motion to compel should be granted as to these requests.

III.    Conclusion

For the reasons set forth above, the Court GRANTS plaintiff's Motion to Compel Henny Wee & Co. to Produce Responsive Documents [docket no. 42] and ORDERS Wee to produce all documents responsive to Request for Production Nos. 11, 13, 15, 16, 17, 19, and 20 on or before February 23, 2009.

**IT IS SO ORDERED this 9th day of February, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE